NEWMAN, Circuit Judge,
dissenting from denial of the petition for rehearing en banc.
The America Invents Act created a new tribunal in the Patent and Trademark Office. This tribunal, called the Patent Trial and Appeal Board (PTAB), has several assignments including conduct of the post-grant proceedings authorized by the America Invents Act of 2012. Pub.L. No. 112-29, 125 Stat. 284 (2011) (effective September 16, 2012). In an inter partes review, a petitioner’s allegations of invalidity on grounds of sections 102 and 103 of Title 35 can lead to PTAB proceedings similar to trial in the district, courts, with discovery, evidence, testimony, briefs, hearings, and written decision. The PTAB decision may be appealed to the Federal Circuit, but cannot be taken to remedy by civil action in the district court.. Compare 35 U.S.C. § 319 with 35 U.S.C. § 145.
When the final decision is adverse to the patent-owner, the PTAB cancels the affected patent or claims. An important aspect of the America Invents Act is that the final decision produces an estoppel against the petitioner in any ensuing litigation. Thus these PTAB proceedings carry :a heavy load, for they affect not only the property rights of the patent ownér, but also the potential liability and opportunity of the petitioner.
My concern relates to the Federal Circuit’s implementation, of its appellate, role, for the court has adopted a highly deferential standard of. review of these PTAB decisions, instead of the full and fair review that is appropriate to the America Invents Act. The entire thrust of' the America Invents Act is that these PTAB proceedings would be an alternative to district court proceedings', on these issues, and would receive the same level of appellate review. The highly deferential review standard of “support by substantial evidence” does not assure the intended identb ty of result for these PTAB and district court determinations.
En banc action is needed to realign the Federal Circuit’s standard of review with the legislative purpose. Thus I respectfully dissent from my colleagues’ ■ denial of this request for en banc consideration. . .
Discussion
To fulfill 'the Act’s purpose .that these PTAB proceedings will be a just substitute for district court proceedings on the designated issues, and will provide confidence and finality for the patent-based innovation communities, the PTAB decision must be subject to full and fair appellate review.

Precedent does not prohibit objective review of PTAB decisions

Although the concurring opinion states that the Court’s decision in Dickinson v. Zurko, 527 U.S. 150, 119 S.Ct. 1816, 144 L.Ed.2d 143 (1999), leaves no choice but to apply the substantial evidence standard, that view is an unwarranted enlargement. In Zurko, the Court held that the PTO is subject to the judicial review framework-of the Administrative Procedure Act. Id. at 152, 119 S.Ct. 1816 (citing 5 U.S.C. § 706). However, Zurko did not -prohibit. future legislation such as here enacted, where *437 Congress created -a new tribunal with authority to substitute for district court actions and results, and for these proceedings eliminated de novo review that is otherwise available for PTO decisions.
Statutes must be implemented to conform to “the design of the statute, as a whole and to its object and-policy.” Crandon v. United States, 494 U.S. 152, 158, 110 S.Ct. 997, 108 L.Ed.2d 132 (1990). The design of the America Invents Act is not only to provide an efficient and economical surrogate for district court determinations of patent validity, but also to bind .and estop the petitioner in any infringement proceeding. It is noteworthy that the PTAB is reviewing past PTO actions for error, without the deference that those actions receive in district court.
Viewing the America Invents Act in its entirety, the conclusion is compelled that Congress, expected that, these PTAB decisions would be reviewed on the. same judicial standard, as „ applies, to the. district court proceedings that aré replaced. Our responsibility is to assure that the legislative purpose is implemented in accordance with the design, object, and policy of the statute. Id.
The “substantial evidence” standard does not conform to the statutory plan
The record- shows a decade of study and evolution, as Congress and the technology-concerned public collaborated to provide an improved system for litigation resolution of the major patent validity issues. Spe H.R.Rep. No. 112-98, pt. 1, at 48 (2011) (Inter partes review will provide “quick and. cost effective alternatives to litigation”). .Nowhere in the record is there a hint of intent to dimmish the appellate responsibility of review of validity on the grounds of correctness in law and clear error of fact.
“Substantial evidence” is defined as “such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.” Consol. Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S.Ct. 206, 83 L.Ed. 126 (1938). “It must be enough to justify, if the trial were to a jury, a refusal to direct a verdict when the conclusion sought to be drawn from it is one of fact for the jury.” N.L.R.B. v. Columbian Enameling & Stamping Co., 306 U.S. 292, 300, 59 S.Ct. 501, 83 L.Ed. 660 (1939). As the Court stated in Consolo v. Maritime Commission, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966), “the possibility of drawing two inconsistent conclusions from the .evidence does not prevent an administrative agency’s finding from being supported by substantial evidence.” This is the distinction here of concern, for application of the substantial evidence standard can lead to affirmance of a ruling that is not in accordance with the weight of the evidence. It is unlikely that Congress intended to place PTAB decisions in that “rubber-stamp” category — for in PTAB proceedings, with documentary and testamentary evidence presented by both sidés, substantial evidence is usually present on both sides.
If on appeal the Federal Circuit simply looks for substantial evidence on the side of the PTAB decision, then the purpose of the America Invents Act to provide a surrogate for district court proceedings is thwarted. The decade of legislative hearings shows that the AIA-provided path of appellate review was intended and expected to be conducted on judicial standards, not on administrative standards. - The America Invents Act rests on the foundation that PTAB proceedings will substitute for district court proceedings, and that the Federal Circuit will provide full appellate review. Note the elimination of access to district court review under 35 U.S.C. § 145 for post-grant proceedings, unlike the statute that existed at the time of Zwrko. 527 *438 U.S. at 164, 119 S.Ct. 1816 (1999) (highlighting the availability of 35 U.S.C. § 145 and the review of agency action under a clear error standard of review on appeal from a § 145 action).
There is no hint that Congress and the concerned communities contemplated omitting full appellate review by the Federal Circuit, while eliminating district court review and imposing an estoppel against the petitioner, who may not assert in defense to a charge of infringement any ground of invalidity “that the petitioner raised or reasonably could have -raised” in the PTAB. 35 U.S.C. § 315(e)(2), With these substantive consequences, it is not reasonable to infer the legislative intent to apply highly deferential review to issues traditionally subjected to appellate review for correctness and clear error.
The standard by which the new PTO tribunal would determine validity was the subject of controversy in the Congress. The American Intellectual Property Law Association testified that: “The proposed second window, where the burden of proof is a ‘preponderance of the evidence’ instead of ‘clear and convincing evidence,’ will increase the risks faced by patent holders and dampen their enthusiasm for investing in the development and commercialization of their patented technologies.” Patent Act of 2005: Hearing on H.R. 2795 Before the House Subcomm. on Courts, the Internet, and Intell. Prop., 109th Cong. 15 (2005). Eventually the preponderance standard was adopted, but with balancing provisions including the estoppel provision and the review path to the Federal Circuit. It is not tenable to assume silent legislative intent to accompany this lightened burden of proving invalidity in the PTAB and restricted path of appeal, with a highly deferential standard of appellate review.

The PTAB proceeding is a trial between private parties, and requires commensurate review

This new proceeding is not an agency grant, but adjudication in accordance with the law of statute and precedent. At issue are property rights that were previously granted, vesting the patent right to exclude. See James v. Campbell, 104 U.S. 356, 358, 26 L.Ed. 786 (1881) (“When [the government] grants a patent the grantee is entitled to it as a matter of right, and does not receive it ... as a matter of grace and favor.”). This too weighs against deferential review of PTAB decision, for cancellation of property rights that the agency previously granted weighs against deferential review, lest any further error be ratified.
The legislative record shows the evolution of the America Invents Act from a simple “opposition”-like proposal, to a full trial proceeding whose result produces an estoppel. Compare ELR.Rep. No. 112-98, pt. 1, at 8 as enacted (describing the PTAB as a “court-like proceeding”) with Patent Quality Assistance Act of 2004, H.R. 5299, 108th Cong. §'336(a)(2) (2d Sess. 2004) (permitting “opposer in an opposition proceeding” to avoid any estoppel in court proceedings). If the PTAB decision must be sustained if it is supported only by substantial evidence — even if the weight of the evidence would produce a contrary result — then the ambitious design of the America Invents Act collapses. Such an intent cannot be presumed.
Rather, the legislative record provides the expectation that the Federal Circuit will apply the standard judicial criteria for review. These criteria conform to the legislative purpose of providing an efficient and economical surrogate for district court trial, as well as authorizing challenges to patents not yet in litigation. The purpose is to reinforce reliability of the patent- *439 based incentive to technological innovation, whereby valid patents are recognized and invalid patents are eliminated. See 157 Cong. Rec. S5327 (Sept. 6, 2011) (statement of Sen. Leahy) (“This bill will establish a more efficient and streamlined patent system that will improve patent quality and limit unnecessary and counterproductive litigation costs, while making sure no party’s access to court is denied.”).
Post-grant proceedings are not simple administrative actions. The America Invents Act departs from the Administrative Procedure Act in its provisions for appeal directly to the Federal Circuit, eliminates district court review, and imposes estoppel against the petitioner. The substantial evidence standard of review distorts the legislative balance. En banc consideration is necessary to realign the appellate standard with the statutory purpose.